**Cecil O. ECKARD and Marilyn F. Eckard, his wife, Plaintiffs and Appellants,**

v.

**Gale G. SMITH and Joy T. Smith, his wife, Defendants and Respondents.**

**No. 14901.**

Supreme Court of Utah.

Dec. 5, 1977.

Walter P. Faber, Jr., David Lloyd, Salt Lake City, for plaintiffs and appellants.

Richard W. Perkins, Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

Appellant Eckard entered into a written agreement with respondent Smith to rent one-half of a duplex for a period of one

year for $4,500. The lease was on a printed form presented by Mr. Smith on which he wrote:

> Lesser [sic] hereby agrees to grant lessee (Cecil Eckard) first option to buy said duplex, single unit or both if available at termination of lease period. The sale price shall be (78,900.00) plus carpets, drapery & landscaping costs.

> \* \* \* \* \* \*

> 6. The entire yrs. lease payment will be credited to sale price of leassee [sic] purchases said duplex.

After Eckard had lived in the duplex for the year, he undertook to compel Smith to transfer both sides of the duplex to him pursuant to the agreement. The court below granted specific performance and ordered Smith to convey one-half of the duplex; but on appeal, this Court reversed.[1]

One week before Smith filed his notice of appeal, he and his wife, who was a joint tenant with her husband but who was not a party to the lease agreement, signed and delivered to the Eckards a warranty deed covering one-half of the duplex.

On the appeal in the former hearing the parties asked us to decide the appeal on the record before the trial court. The majority of this Court did that very thing while the dissent urged us to hold the matter moot. We thought the parties had settled everything except costs and whether Eckard could opt to the entire duplex. Eckard paid the agreed purchase price, and he and his wife have lived in the duplex since that time.

In connection with obtaining financing for the building of the duplex, the Eckards entered into a party wall contract from which they have not been released.

The Eckards have resided in their part of the duplex for almost four years since receiving their deed and have expended $3,621.68 on improvements and repairs thereto.

The trial court granted judgment to the Smiths for restitution of the duplex and ordered the Smiths to return the money paid therefor with interest at the rate of six percent, less rentals of $375 per month since July 15, 1972. It also ordered the Smiths to pay the Eckards for repairs and improvements made during the interim. Apparently the trial judge thought our prior decision refusing to order specific performance was binding on him to order restitution. Such was not our holding as a reading of the opinion will show. The prevailing opinion ignored the transaction between the parties that occurred after trial and one week before appeal.

It appears to us that this case has been rendered moot by the granting of the deed, the receipt and the retention of the agreed price. Our former opinion merely prevented the Eckards from purchasing both units of the duplex and taking two credits for the $4,500 paid as rent for the year.

At the trial of the instant matter, the judge concluded that the Smiths had not given any justification for failing to file a supersedeas bond or for not making a motion to stay or to prevent the sale of the house pending the appeal. However, he expressed his feeling in the following language:

> Quite frankly, I looked every way I could to give the Plaintiff the judgment even to the point of looking to subject matter that was not covered by our Supreme Court. There's authority that if a point's not covered this Court has the right to look into it, and they can decide that on the evidence that they already have without taking additional evidence or taking additional evidence.

> But it seems to me that even though the Supreme Court in so many words didn't state restitution they directed this Court in effect to give restitution, . . . .

The trial court misinterpreted our prior opinion. We there held that the contract with only one of two joint owners was not enforceable as to specific performance against both owners. We also considered

1. *Eckard v. Smith*, Utah, 527 P.2d 660 (1974).

some ambiguities therein, but we never considered the deed and payment therefor.

We now hold that this case is moot insofar as the option or first opportunity to purchase is concerned because of the deed given to the Eckards. The judgment is reversed and the case is remanded to the trial court to enter judgment for the Eckards.

Costs are awarded to the appellants.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.